**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

February 23, 2026

A. Thompson Bayliss, Esq.
Eric A. Veres, Esq.
Clara E. Hubbard, Esq.
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807

Daniel A. Mason, Esq.
Sabrina M. Hendershot, Esq.
Emily V. Cox, Esq.
Paul, Weiss, Rifkind, Wharton
   & Garrison LLP
1313 North Market Street, Suite 806
Wilmington, Delaware 19801

Michael A. Pittenger, Esq.
Matthew F. Davis, Esq.
Megan R. Thomas, Esq.
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, Delaware 19801

RE:   *In re Saama Technologies Litigation*,
       Consol. C.A. No. 2022-1045-LWW

Dear Counsel,

I have reviewed the four pending motions in limine to preclude expert reports or testimony in this matter.[1]  For the reasons given below, three of the motions are denied without prejudice.  A decision on the fourth motion is deferred.

---

[1] Four other pre-trial motions were addressed separately in a February 18, 2026 bench ruling.  The present motions were set to be argued tomorrow, February 24, 2026, during the pre-trial conference.  Oral argument is unnecessary.

The parties have filed three motions seeking to exclude existing expert opinions:

1. Defendants' Motion in Limine to Exclude the Opinions of Brendan Ballou;[2]

2. Plaintiff's Motion in Limine to Exclude Reports and Testimony of Louis Dudney and Jeff Hagins regarding margin data;[3] and

3. Plaintiff's Motion in Limine to Exclude Expert Report and Testimony of Jeff Hagins regarding SaaS margins and industry reputation.[4]

Delaware Rule of Evidence 702 asks that I consider whether the expert's testimony will help me as the trier of fact to understand the evidence or determine a fact in issue.[5]  The motions raise various arguments regarding the experts' methodologies, data sources, and qualifications.  For example, the defendants assert that Mr. Ballou's opinions regarding private equity incentives are generalized and lack a discernible methodology.  The plaintiff argues that Mr. Dudney and Mr. Hagins rely on unverified margin spreadsheets created for litigation.  And he also contends that Mr. Hagins lacks specific expertise in the life sciences industry to properly opine on Saama's business.

---

[2] Dkts. 352, 372.  Reply briefs were also filed.  At the time of this decision, the replies were not yet accepted onto the docket by the Register in Chancery.

[3] Dkts. 354, 371.

[4] Dkts. 355, 369.

[5] Del. R. Evid. 702(a).

Presently, I cannot say whether this testimony will be helpful to my understanding. But it might. Consistent with my general approach to pre-trial motions in limine on expert reports, I decline to prejudge the issues now. The parties will have ample opportunity to explore these alleged deficiencies on cross-examination, allowing me to better assess the experts' positions and how they interact with other evidence. The motions are therefore denied, without prejudice to the parties' ability to challenge the expert opinions and testimony after trial. If an expert's analysis lacks support or reliability, I will give it equally little (or no) weight.[6]

The fourth motion is the Defendants' Motion in Limine to Preclude T. Jeffrey Wilks from Offering Undisclosed Expert Opinions.[7] The defendants raise concerns that Mr. Wilks intends to abandon his disclosed position—that he cannot reach a conclusion on the proper revenue recognition for the disputed contract—and ambush them with a new calculation based on testimony from recently disclosed fact

---

[6] *See, e.g.*, *Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 593 n.122 (Del. Ch. 2010) (declining to exclude evidence because, in a bench trial, the court can consider the testimony "in light of any flaws . . . that may have been exposed through cross-examination" (citing *Trs. of Chi. Painters & Decorators Pension, Health & Welfare, & Deferred Sav. Plan Tr. Funds v. Royal Int'l Drywall & Decorating, Inc.*, 493 F.3d 782, 788 (7th Cir. 2007))).

[7] Dkts. 350, 373.

witnesses. The plaintiff, however, insists that Mr. Wilks will not offer a new opinion at trial.

I appreciate the defendants alerting me to this potential issue in advance of trial, but will defer ruling on it at this time. This motion appears to present a hypothetical dispute. I decline to preclude evidence that may never be proffered.

I will address this issue if and when a new opinion is offered at trial. The parties are, of course, bound by the Order Governing Expert Discovery.[8] If the plaintiff attempts to elicit an expert opinion from Mr. Wilks that was not properly disclosed during expert discovery, the defendants may renew their objection.[9] If that comes to pass, I may well be inclined to reject any newly offered opinion.

IT IS SO ORDERED.

I look forward to speaking with you at tomorrow's pre-trial conference and seeing you at trial next week.

> Sincerely yours,
>
> */s/ Lori W. Will*
>
> Lori W. Will
> Vice Chancellor

---

[8] Dkt. 246.

[9] *Cf. Sammons v. Drs. for Emergency Servs., P.A.*, 913 A.2d 519, 528 (Del. 2006) (explaining, in the context of a jury trial, that "[p]arties must comply with the discovery rules by identifying expert witnesses and disclosing the substance of their expected opinions as a precondition to the admissibility of expert testimony at trial").